UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DAVID FREEMAN CLAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:14-CV-428-TAV-CCS |
| KNOX COUNTY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. Now before the Court is Defendant's motion to dismiss [Doc. 24]. For the following reasons, Defendant's motion to dismiss [Doc. 24] will be **GRANTED** to the extent that this action will be **DISMISSED for lack of jurisdiction**.

In its motion to dismiss [Doc. 24], Defendant correctly points out that the only relief Plaintiff seeks in his complaint is a temporary restraining order requiring that Plaintiff be provided adequate indigent legal writing matter to pursue his complaint with this Court until it is resolved [*Id.* at 5; Doc. 1 p. 4]. Plaintiff, however, is no longer in Defendant's custody. Specifically, on July 22, 2017, Plaintiff filed his most recent notice of change of address in which Plaintiff notified the Court that he is now incarcerated in the Northwest Correctional Complex [Doc. 17 p. 1].

As Plaintiff is no longer in the custody of Defendant, his request for injunctive relief is now moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that claims seeking declaratory and injunctive relief are moot when the prisoner is no longer in custody of the institution that allegedly violated the prisoner's constitutional rights). "Mootness results when

events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Court lack jurisdiction over moot claims, as courts are not "empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Thus, "'although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss for want of jurisdiction.'" *Collins v. Warden, London Corr. Inst.*, No. 2:12-CV-093, 2014 WL 1653130, at *3 (S.D. Ohio April 23, 2014) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 101.9, at 101–238 (3d ed. 2011). A court may review questions of jurisdiction *sua sponte*. *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993).

As set forth above, Plaintiff's only request for relief in his complaint is now moot and the Court is therefore unable to grant the requested relief. The Court therefore lacks jurisdiction over this matter. Accordingly, this action will be **DISMISSED for lack of jurisdiction**.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24 that any appeal from this judgment would be frivolous and not taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER**.

**ENTER:**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE